UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA HESTER,

    Plaintiff,

       v.                                      Civil Action No. 23-2702 (JEB)

FRIENDSHIP PUBLIC CHARTER
SCHOOL, INC.,

    Defendant.

## MEMORANDUM OPINION

*Pro se* Plaintiff Linda Hester was employed as a Clinical Social Worker at the Friendship Public Charter School starting in October 2019. Two months after employees were instructed to obtain the COVID-19 vaccine in August 2021, she submitted a medical-exemption request. The School denied her request and subsequently terminated her. Hester has brought suit against the School for failure to accommodate her disability and wrongful termination under the Americans with Disabilities Act. Defendant now moves to dismiss the case on the ground that she did not timely exhaust her administrative remedies. The Court agrees and will grant the Motion.

**I.      Background**

At this procedural stage and because Plaintiff is *pro se*, the Court draws the well-pled facts from both the Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss and accepts them as true. See Brown v. Whole Foods Market Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015). It also considers additional facts set forth in the undisputed documents incorporated in the Complaint and attached to the Motion that are integral to Plaintiff's claim, as well as matters

1

subject to judicial notice, without converting this into a motion for summary judgment. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

Hester began work in her Clinical Social Worker position at the School in October 2019. See ECF No. 1 at 7–10 (EEOC Charge) at 8. On August 24, 2021, because of the COVID-19 pandemic, the School required that all employees get vaccinated by September 19 or else seek a medical or religious exemption. Id. Plaintiff submitted a medical-exemption request on October 27 seeking special accommodations in lieu of getting the vaccine. Id. She asked that the School allow her weekly COVID tests and hybrid work-from-home accommodations, along with masking and social distancing. Id. Defendant nonetheless placed Plaintiff on an unpaid leave of absence on November 2 for failing to submit proof of vaccination. See ECF No. 8-1 (Pl. Exhs.) at 16 (Leave of Absence). Two weeks later, on November 17, the School denied Hester's medical-exemption request and asked her to resign. See EEOC Charge. It formally terminated her on November 30, the last date of her leave of absence. See Pl. Exhs. at 14 (Termination Letter). On October 19, 2022, Hester filed a charge of discrimination with the EEOC, claiming the School failed to accommodate her disability and then also wrongfully terminated her on November 30, 2021. See EEOC Charge. On June 15, 2023, the EEOC dismissed Hester's discrimination charge and issued a right-to-sue notice. See ECF No. 1 at 7 (EEOC Notice).

Hester then filed the instant suit on September 15, 2023. See ECF No. 1 (Compl.). Although she checks boxes for discrimination under both Title VII and the ADA, id. at 3, her suit only references violations of the latter, both for failure to accommodate a disability and termination of employment. Id. at 4–5. Defendant has now moved to dismiss the case. See ECF No. 5-1 (MTD).

## II.     Legal Standard

As exhaustion under the ADA is not jurisdictional, see, e.g., Brown v. Hayden, 2021 WL 780816, at *4 (D.D.C. Feb. 27, 2021); Thompson v. United States, 795 F. App'x 15, 20 n.7 (2d Cir. 2019), the Court sets out only the standards under Federal Rule of Civil Procedure 12(b)(6). That rule provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations marks and citation omitted).  In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." St. Francis Xavier Parochial School, 117 F.3d at 624.  The court "must treat the complaint's factual allegations as true and must grant [the] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citations omitted).  It need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Even at the Rule 12(b)(6) stage, a court can review "documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp.

3

2d 117, 119 (D.D.C. 2011) (citations and internal quotation marks omitted); see also Banneker Ventures, LLC v. Graham, 798 F.3d 1119, 1133 (D.C. Cir. 2015) ("A district court may consider a document that a complaint specifically references without converting the motion into one for summary judgment.").

**III.   Analysis**

Defendant contends that dismissal is warranted both because Plaintiff failed to timely exhaust her administrative remedies and because she has not stated a claim upon which relief may be granted.  The Court need only consider the first ground.

"Before suing under . . . the ADA . . . , an aggrieved party must exhaust their administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discriminatory incident or, if they had instituted proceedings with a state or local agency, within 300 days."  Shanks v. Int'l Union of Bricklayers & Allied Craftworkers, 2023 WL 6199078, at *7 (D.D.C. Sept. 22, 2023).  Because the EEOC has a work-sharing agreement with the D.C. Office of Human Rights, Hester had 300 days after the alleged discriminatory act to file a charge.  See Carter v. George Washington Univ., 387 F.3d 872, 879 (D.C. Cir. 2004).  There are two potential discriminatory acts here: the refusal to accommodate, which occurred on November 17, 2021, and the termination, which took place on November 30, 2021.  See EEOC Charge.  In order to have timely exhausted these claims, Hester must have filed her EEOC charges by September 13 and September 26, 2022, respectively.

Unfortunately, determining whether her EEOC Charge was filed by these deadlines is not entirely straightforward.  With her Complaint, Hester submits a signed EEOC Charge dated October 19, 2022.  See EEOC Charge.  She also alleges in her Complaint that she filed her charge on that date.  See Compl. at 5.  That, of course, would be after September 26, 2022, and

4

thus too late. In February 2024, however, in response to Defendant's Motion to Dismiss, she submitted an unsigned EEOC Charge dated September 26, 2022, the last day within the EEOC filing deadline for her termination claim. See Pl. Exhs. at 4 (Unsigned EEOC Charge). Additionally, in concert with her Unsigned EEOC Charge, Plaintiff attached email correspondence between her and the EEOC, also dated September 26, 2022. Id. at 2–3 (EEOC Questionnaire). In her email inquiry, she stated that she had "completed the form to file a [discrimination] case . . . prior to the deadline" and requested an interview. Id. at 3. She maintains that this contact with the EEOC demonstrates that she filed within the deadline.

      The first question is whether the signed or unsigned EEOC Charge governs, and there is a direct answer in the statute: a charge must be "in writing under oath or affirmation." 42 U.S.C. § 2000e–5(b) (emphasis added); see 42 U.S.C. § 12117(a) (applying § 2000e–5(b) to ADA). A document, therefore, only constitutes a "charge" within the meaning of the ADA if it is "in writing and signed." 29 C.F.R. § 1601.9 (emphasis added); cf. Hodges v. Nw. Airlines, Inc., 990 F.2d 1030, 1032 (8th Cir. 1993) ("an [EEOC] intake questionnaire [] not taken under oath" does not "constitute a valid charge" until signed under oath).

      The next issue is whether the email exchange about a potential charge alters such conclusion. In light of the statutory and regulatory language, it plainly does not. Even an "intake questionnaire is not . . . equivalent [to] filing a complaint of discrimination with the EEOC, and therefore, it does not toll the statute of limitations." Dyson v. Dist. of Columbia, 808 F. Supp. 2d 84, 88 (D.D.C. 2011); see also Park v. Howard Univ., 71 F.3d 904, 908 (D.C. Cir. 1995) (intake questionnaire completed for predecessor to DCOHR "is not the same as an EEOC charge"). If filling out the questionnaire is not sufficient, neither is an email inquiry. Nor does her statement in the email that she had submitted "the form to file a [discrimination] case" make

it true that she filed a <u>charge</u> by September 26, 2022.  <u>See</u> EEOC Questionnaire.  Plaintiff is thus out of luck, as her filing with the EEOC was untimely.  Her ADA claims must accordingly be dismissed for failure to exhaust administrative remedies.

### IV.     Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss without prejudice. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: April 29, 2024